JAMIE LEE BLEDSOE        WR-51,632-11        IN THE COURT
        Appellant        TR.C.I. NO. 12-0374        OF CRIMINAL APPEALS

STATE OF TEXAS                                AUSTIN, TEXAS
        Appellee                                51,632-10

### APPELLANT's MOTION TO COMPEL Relief OF Writ OF Mandamus

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Jamie Lee Bledsoe, Relator and file This Motion requesting Relief for writ of Mandamus.

For The reason as requested above Relator will Show The Following:

MOTION DENIED
DATE: 5-6-15
BY:

#### A.

On July 23th 2012 Relator was arrested and his Property was seized Pursuant to a unlawful arrest and Search & Seizure.

#### B.

On October, 30, 2012, Relator filed Motions requesting discovery of the Search warrant's that was used to obtain the Evidence seized by the
See C.R. Pg 53, 74, 118, 132, 146.

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 16 2015

Abel Acosta, Clerk

#### C.

Soon after making discovery of Said Affidavit of Search warrant's Relator discover that the Original Affidavit's for Search Warrant's was in Complete violation of his Fourth Amendment's and warrant the Search invalid.

#### D.

The Affidavit for Search warrant's involve assertions that the fact's that was alleged, did not establish "Probable" Cause." and did not "Particularly" describe the Place to be Searched, et al.. as required by the Fourth Amendment, or the thing's to be Seized.

The affidavit's Search Warrant Contained false Statement made by the affiant Knowingly with reckless disregard for the truth. Harris v. State 227 S.W. 3d 83 ( Tex. Crim. App. 2007)

See Affidavit Unfiled Listed as Exhibit B & A

The Second affidavit that was filed on September 14th 2012 to obtain the DNA that was used by the State also Contained false Statements made by the affiant Knowingly with reckless disregard for the truth. See CATES v. STATE, 120 S.W. 3d 352 ( Tex. Cr. App. 2003)
See Affidavit filed September 14th 2012 Listed as Exhibit A

### FACT's

The affidavit's Search warrant that was unfiled described room 121 of motel 6, and the Seizure of a white Polo shirt, the room where the realtor was seized was room 108 of motel 6, and the item that was Seized was a bluish Grey shirt that was used into evidence. The warrant's also described realtor as a Black male date of birth 6-26-65, a (49) year old Black male, when in fact that realtor is a (58) year old Black male.

The warrant's setting forth Substantial facts establishing Probable Cause was Not filed as required by The Texas Code of Criminal Procedure ARE. 18.01(b)

on May 13th 2014 realtor filed a motion To Compel Production of a file Stamped copy of Search warrant dated July 23, 2012, this motion was never ruled on by the court. (See Exhibit D motion, CR. 134

The Second affidavit for Search warrant filed September 14th 2012 to obtain the DNA alleged that the warrant's that was unfiled for July 23th 2012 was executed on Room 121 of motel 6, and the affiant Seized a white Polo shirt that he alleged in his information to obtain the warrant's.

The record would Show that all of this information was false to obtain the indictment & arrest of the realtor.

## E.

On June, 10, 2013 , Realtor would file a writ of Habeas Corpus Contesting the Affidavit for Seach Warrant's And the validity of his arrest & Search & Seizure in Vidation's of his fourth Amendment.

## F.

Realtor would await over 160 day's" but Never recieved any Copy of the writ, or any information, finding of facts or any determination whether Controverted, Previously unresolved factual issue, material to the realtor legality Confinement existed.

## G.

On or about 12/19/2013 realtor filed his original application for writ of mandamus, WR NO. 51,632-10

On or about 7/14/2014 realtor filed yet another writ of mandamus respectfully asking Said court to review the allegation's of the writ of Habeas Corpus.

## H.

On July 23rd 2014 realtor was Set for trial and was Convicted by the use of the evidence that was Seized with the invalid Affidavit's & Seach Warrant due to the fact that the State violated ART. 11.34. ART 11.35 of the code of Criminal Procedure.

## I.

On March 2, 2015 Realtor recieved a Letter from the Clerk of the Court of Criminal Appeals that indicated that they had Send a Order on february 19, 2014, requiring the 71st Judical Court to respond within 30 day's by either Presenting an order designating issues, Submitting the application for writ of Habeas Coreus to this Court, or by Certifying that No application was filed.

c1.

The 71st Judical Court has repeatly abused there Powers by NOT Making Notice of the LL:07 as required by the Laws Nor Making fact findings of the repeated illegality of the Relator.

This court has fully acknowledge that the Affidavit that was filed in this case was invalid but refuse to validate relator's writ as the truth, relator showed due dillgent but his efford were ignored and the Court with Knowlege of the illegal Affidavits allowed them to be Presented with the tainted evidence.

Relator has enclosed EXHiBit's Listed as (A) (B) (C)(D) that will validate the illegal Use of the Affidavit's.

EXHibit C: Will Show the information that was used to secure the warrant's & indictment. Paragraph #1 will clearly show that the affiant alleged that Bledsoe Signed a consent form for Room 108 of motel 6

EXHibit C: will show that the affiant alleged that he typed a Search warrant for Rm. 108 of motel 6.

EXHibiT BB: Will Show the Affidavit warrant was typed for Room 121 of motel 6 Not Room 108. July 23rd 2012

EXHibiT A: will show the Affidavit warrant that was Used to obtain the DNA alleged in the body of the warrant that it was executed on Room 121 of motel 6 and that is where he seized a white Polo Style shirt.

EXHibit D: will be the motion to compel the Stamped filed copy of the Affidavit that was alleged to be filed on July 23rd 2012

Realtor is disclosing these document in a respectfully efford to show this Court why the 71st Judicial Court has Concealed the writ, and has not complyed to the Order of the Texas Criminal of Appeals Court Concerning the mandamus.

Where fore, Premise Considered, Realtor Pray's this Court will Grant said relief of writ of mandamus and any and all relief deemed Proper by Law.

Respectfully Submitted
Jamie Lee Bledsoe

## Certificate of Service

I, Jamie Lee Bledsoe, Certify Under Penalty of Perjury that a true and Correct Copy of the motion has been Provided to Abel Acosta, Clerk for the COURT OF CRIMINAL APPEAL at. P.O. Box 12308, CAPiTOL STATiON, Austin TEXAS 78711 by Placing Envelope via United States mail this March 13th 2015

Jamie Lee Bledsoe

THE STATE OF TEXAS EXHIBIT A AFFIDAVIT FOR SEARCH
COUNTY OF HARRISON WARRANT

The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on
oath makes the following statements and accusations:

1. THERE IS IN HARRISON COUNTY, TEXAS, SUSPECTED PLACE AND PREMISES DESCRIBED AND
   LOCATED AS FOLLOWS:

   Jamie Lee Bledsoe B/M 06/26/1955 – Currently in custody at the Harrison County Jail

2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES THE FOLLOWING ITEMS CONSTITUTING
   EVIDENCE OF A CRIMINAL OFFENSE OR CONSTITUTING EVIDENCE TENDING TO SHOW THAT A
   PARTICULAR PERSON COMMITTED A CRIMINAL OFFENSE:

   A sample of Salvia

3. SAID SUSPECTED PLACE AND PREMISES ARE IN CHARGE OF AND CONTROLLED BY:

   Jamie Lee Bledsoe B/M 06/26/1955

4. AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:

That Affiant is employed by the Marshall Police Department as a detective who has probable cause
for said belief by reason of the following facts:

Your Affiant was assigned to investigate a burglary of a building that occurred on July 15th
2012 at Fish and Still Equipment, located at 6000 East End Blvd. South in Marshall, Harrison County
Texas. The following items were taken from the business: three stihl chainsaws, three stihl weed
eaters, a stihl concrete saw. Your Affiant reviewed video surveillance of the burglary from Fish and
Still and observed a subject personally known to him as Jamie Lee Bledsoe. In the video Bledsoe's
face is clearly visible and is seen repositioning the surveillance cameras. Bledsoe is also seen
wearing a white polo style shirt with blue horizontal stripes and a light blue baseball style hat.

Your Affiant obtained an arrest warrant on Jamie Lee Bledsoe for the said burglary of a
building and on July 23rd 2012 located Bledsoe at Motel 6, 300 Interstate 20 in Marshall, Harrison
County, Texas. Affiant knocked and announced his presence and Bledsoe opened the door to his
motel room and was placed under arrest for said warrant. During this process Affiant observed in
plain view the same articles of clothing that Bledsoe was wearing when he committed the burglary of
building.

On July 23rd 2012 Your Affiant obtained an evidentiary search warrant from the 71st District
Court and executed the said search warrant at room 121 of Motel 6 located at 300 Interstate 20 in
 Marshall, Harrison County, Texas. Your Affiant did locate and seize the white polo style shirt with
horizontal blue stripes. Affiant forwarded the shirt to the Department of Public Safety crime
laboratory in Garland Texas for testing.

Deoxyribonucleic Acid, hereafter referred to as D.N.A., is the hereditary material found in
human cells. D.N.A. has been found to be an excellent way to determine whether biological evidence
connected to a particular crime can be connected to a particular individual.

Affiant requests a sample of Bledose's saliva in order to compare it to possible D.N.A.
evidence collected from the said polo shirt which is currently located at the Department of Public
Safety crime laboratory in Garland Texas.

Further, that Affiant believes that there is on suspected person, item described in warrant
constituting evidence tending to show that Jamie Lee Bledsoe committed the said offense

 

THE STATE OF TEXAS    EXHIBIT B    AFFIDAVIT FOR SEARCH
COUNTY OF HARRISON                    WARRANT

The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on oath makes the following statements and accusations:

1.  THERE IS IN HARRISON COUNTY, TEXAS, SUSPECTED PLACE AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS:

Room 121 of Motel 6 located at 300 Interstate 20 in Marshall, Harrison County, Texas. The motel is described as a two story brick structure with a metal roof with the entrance to the building facing north onto interstate 20 east.

2.  THERE IS AT SAID SUSPECTED PLACE AND PREMISES THE FOLLOWING ITEMS CONSTITUTING EVIDENCE OF A CRIMINAL OFFENSE OR CONSTITUTING EVIDENCE TENDING TO SHOW THAT A PARTICULAR PERSON COMMITTED A CRIMINAL OFFENSE:

Any and all evidence pertaining to said the below described burglary of a building to include: a white polo style shirt with horizontal blue stripes, a light blue baseball style hat, white tennis style shoes, three stihl chainsaws, three stihl weed eaters, a stihl concrete saw and any other evidence, which may link a certain person to said crime.

3.  SAID SUSPECTED PLACE AND PREMISES ARE IN CHARGE OF AND CONTROLLED BY:

Jamie Lee Bledsoe B/M 06/26/1965

4.  AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:

That Affiant is employed by the Marshall Police Department as a detective who has probable cause for said belief by reason of the following facts.

Your Affiant was assigned to investigate a burglary of a building that occurred on July 15th 2012 at Fish and Still Equipment, located at 6000 East End Blvd. South in Marshall, Harrison County Texas. The following items were taken from the business: three stihl chainsaws, three stihl weed eaters, a stihl concrete saw. Your Affiant reviewed video surveillance of the burglary from Fish and Still and observed a subject personally known to him as Jamie Lee Bledsoe. In the video Bledsoe's face is clearly visible and is seen repositioning the surveillance cameras. Bledsoe is also seen wearing a white polo style shirt with blue horizontal stripes and a light blue baseball style hat.

Your Affiant obtained an arrest warrant on Jamie Lee Bledsoe for the said burglary of a building and on July 23rd 2012 located Bledsoe at Motel 6, 300 Interstate 20 in Marshall, Harrison County, Texas. Affiant knocked and announced his presence and Bledsoe opened the door to his motel room and was placed under arrest for said warrant. During this process Affiant observed in plain view the same articles of clothing that Bledsoe was wearing when he committed the burglary of building.

WHEREFORE, AFFIANT ASKS FOR ISSUANCE OF A WARRANT THAT WILL AUTHORIZE HIM TO SEARCH SAID SUSPECTED PLACE AND PREMISES FOR SAID PROPERTY AND SEIZE THE SAME.

SGT Dan  Truffl
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME BY SAID AFFIANT ON THIS THE 23rd DAY OF JULY, 2012.

MAGISTRATE,
HARRISON COUNTY, TEXAS

had gone to the Valero the morning that Fish & Still had been burglarized. Bledsoe stated that he had gone to Valero to get something to eat and a bottle of 7-Up to drink. Bledsoe signed a consent form for Rm. 108 at Motel 6. Sgt L. Smith located an Armarie Smith, the person whom paid for the rm. 108. Smith also signed consent to search form for room 108.

I knew from the Valero video footage that Bledsoe was in the store approximately an hour before the burglary. He was wearing the same clothing in the Valero footage that was seen in the Fish & Still footage. His face could be seen easily in the Valero footage. I then went to the District Attorney's Office and spoke with D.A. Investigator Kyle Ready. I explained what I had observed in Bledsoe's room prior to securing it and what was on the video footage. Ready typed a search warrant for Rm. 108 at Motel 6. The search warrant was signed by Judge Hughey. We then went out to Motel 6 to execute the search warrant.

Once we entered the room, Officer Beck began to take pictures of the room. Beck collected the shirt, jeans, shoes and a cell phone. There was also a pair of blue overalls issued to Cody who worked at Basic Energy out of Carthage, TX. These items were all taken and logged into evidence. The room and remaining items were released to Mrs. Smith.

I called and spoke to Chief Vanover, Carthage Chief of Police, regarding the overalls found in Bledsoe's room. I informed him that we had arrested Bledsoe for Burglary of a Building. Vanover stated that his office was in the process of obtaining warrants for Bledsoe also. On July 24, 2012, I received a call from Lt Carpenter, Carthage Police Dept. Carpenter informed me that he had two outstanding warrants for Jamie Lee Bledsoe. Carpenter stated that he was going to fax the warrants to our department and would like us to serve them on Bledsoe. On 07-24-12, at approximately 1052 hrs, I received Carthage P.D. Warrant #CF2-12-17 (Evading Arrest with A Vehicle/F3) and Warrant # CFS2-12-18 (Burglary of a Building/SJF). Once the warrants were received, I had Officer Phillips and Officer McGuire take them to Harrison County Confinement Facility and serve Bledsoe with the addition charges.

On 09/14/12 I went over to the DA Office and I was given a search warrant to collect DNA from the defendant Jamie Lee Bledsoe who was an inmate at the Harrison County Jail. After getting the search warrant signed by Judge Ammerman I met crime scene officer Sarah Livingston # 223 at the county jail. There she took (4) samples of the defendant Salvia from his mouth. The defendant was then given a copy of the search warrant. The warrant was then taken back over to the county courthouse where it was filed.

Marshall Police Department
Sgt Darryl Griffin # 264

CAUSE NO. 12-0374X

FILED FOR RECORD
HARRISON COUNTY, TEXAS
CLERK DISTRICT COURT

2014 MAY 13 AM 10: 59

MELLINDA CRAIG

BY_____
DEPUTY

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 71ST JUDICIAL DISTRICT |
| | § | |
| JAMIE LEE BLEDSOE | § | HARRISON COUNTY, TEXAS |

## MOTION TO COMPEL PRODUCTION OF FILE STAMPED COPY OF SEARCH WARRANT DATED JULY 23, 2012, OR IN THE ALTERNATIVE, MOTION IN LIMINE VITIATING VALIDITY OF OR REFERENCES TO SEARCH WARRANT OR EVIDENCE AT TRIAL

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Jamie Lee Bledsoe, Defendant, and files this Motion to Compel Production of File Stamped Copy of Search Warrant Dated July 23, 2012, or in the Alternative, Motion in Limine Vitiating Validity of or References to Search Warrant or Evidence at Trial and shows the following:

1. Defendant has been charged with the offense of Burglary of a Building, Sec. 30.02.

2. This court heard Defendant's Motion to Suppress on April 15, 2014, during which it was discovered that the Sworn Affidavit for Search Warrant dated July 23, 2012 was not in violation of Article 18.01 (b) of the Texas Code of Criminal Procedure.

3. Defendant requests to compel the production of a file stamped copy of the search warrant dated July 23, 2012. If a file stamped copy of the warrant dated July 23, 2012 is not produced, Defendant requests this Court vitiate the validity of the warrant (and any evidence seized as a result of the warrant) and/or prohibit any references to the search warrant (or any evidence obtained as a result of the search warrant) at trial.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Court grants such matters at trial of this cause, and for such other and further relief in connection therewith that

FILED FOR RECORD
HARRISON COUNTY, TEXAS
CLERK DISTRICT COURT

is proper.

Respectfully submitted,

CHERYL COOPER SAMMONS
110 S. Bolivar, Suite 214
P.O Box 1127
Marshall, TX 75671
Tel: (903) 472-4101
Fax: (903) 935-1372

By: _____
CHERYL A. COOPER-SAMMONS
State Bar No. 24068180
Attorney for Jamie Lee Bledsoe

## CERTIFICATE OF SERVICE

This is to certify that on May 13, 2014, a true and correct copy of the above and foregoing

document was served on the District Attorney's Office, Harrison County, by hand delivery.

_____
CHERYL A. COOPER-SAMMONS

000135